FILED

2007 May-23  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRAWICK CONTRACTORS, INC.,        }
                                  }
        Plaintiff,                }
                                  }        CIVIL ACTION NO.
v.                                }        07-AR-0766-S
                                  }
THE BESSEMER HOUSING              }
AUTHORITY, et al.,                }
                                  }
        Defendants.               }

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Trawick Contractors, Inc. ("Trawick"), to remand the above-entitled action to the Circuit Court of Jefferson County, Alabama, Bessemer Division, from which it was removed by defendant, C&N Contractors, Inc. ("C&N").  For the reasons that follow, Trawick's motion will be granted.

### Procedural History

Trawick filed this action in the state court on October 19, 2006, seeking declaratory judgment and a preliminary and permanent injunction against The Bessemer Housing Authority ("BHA"), and its Executive Director, Reynold M. Jones ("Jones").  The complaint was served on BHA and Jones on October 25, 2007.  The action as against Jones was dismissed by non-consent order of the state court on January 10, 2007.  Not being certified for interlocutory appeal under Rule 54(b), Alabama Rules of Civil Procedure, the said order dismissing Jones remained appealable by Trawick to the Supreme

Court of Alabama by Trawick until the case was ostensibly removed to this court by C&N.  The involuntary dismissal of Jones provided a ground for remand not asserted by Trawick.  On April 24, 2007, Trawick added C&N as a defendant in the state court.  The amended complaint and the original complaint are materially indistinguishable, the only real difference being that the amended complaint adds C&N.

In its amended complaint, Trawick alleges that it entered a bid to perform work for BHA on various municipal projects. According to Trawick, it was the lowest responsible bidder, but BHA nevertheless wrongfully awarded the contract to C&N.  Trawick thereupon sued BHA, and ultimately C&N, "pursuant to the Alabama Public Works Law, Code of Alabama § 39-2-1, *et seq.*, and the Alabama Declaratory Judgment Act, Code of Alabama § 6-6-220, *et seq.*"

C&N filed its notice of removal at 9:58 A.M. on April 27, 2007.  BHA, which did not file a notice of removal after it was served with the state-court complaint on October 25, 2006, consented to C&N's removal.  C&N asserts that this court has original jurisdiction under 28 U.S.C. §§ 1441(b) and 1331, *i.e.*, that Trawick's claims arise under federal law.  At 11:20 A.M. on April 27, 2007, without knowing of the removal, Trawick filed a second amended complaint in the state court after the case had already been removed.  Trawick's belated second amended complaint

2

purported to clarify its claim by alleging that it "is only asserting claims under Title 39 of the Code of Alabama."  It expressly disclaimed any and all relief based on federal law.  This after-the-fact clarification does not satisfy C&N.

Trawick filed its motion to remand on May 3, 2007, contending that C&N's removal was improper because the amended complaint does not raise a federal question.  Trawick supplemented its motion to remand on May 14, 2007, asserting that C&N's removal was also defective under 28 U.S.C. § 1446(b) because it occurred more than 30 days after BHA was served with the state-court complaint and made aware of the disputed fact of removability.

<em>Analysis</em>

28 U.S.C. § 1447(c) provides the mechanism by which Trawick seeks remand:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

In its motion to remand, Trawick points to two deficiencies in C&N's removal — one procedural and one substantive.  These defects will be addressed in succession.

**I. Timeliness of C&N's Removal**

The Eleventh Circuit has not expressly settled the debate between those district courts within the circuit who apply the "first-served defendant rule" and those who apply the "last-served

3

defendant rule" in situations like this one.  Under the first-served defendant rule, all served defendants must join in a removal within 30 days after service on the first-served defendant.  *See*, *e.g.*, *Adams v. Charter Communications VII, LLC*, 356 F. Supp. 2d 1268 (M.D. Ala. 2005); *Holder v. City of Atlanta*, 925 F. Supp. 783 (N.D. Ga. 1996); *Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395 (S.D. Fla. 1992).  Under the last-served defendant rule, the 30-day clock starts when the last defendant is served.  *See*, *e.g.*, *Fitzgerald v. Bestaway*, 284 F. Supp. 2d 1311 (N.D. Ala. 2003). This court has consistently applied the first-served rule, and sees no reason to change.  C&N did not file its notice of removal until 184 days after the first-served defendant, BHA, was served with the original complaint.  Other than adding C&N, the amended complaint is identical in all material respects to the original complaint. If the action was removable when it was removed on April 24, 2007, it was removable by BHA on October 25, 2006, when it was served.

Because "all doubts about jurisdiction should be resolved in favor of remand to state court," the court will continue to apply the first-served defendant rule.  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Although arguments for the adoption of the last-served defendant rule are not without merit, this court is still persuaded by the arguments found in *Adams*.  In that case, the court was confronted with a situation very similar to the one here: the removing defendant had

4

not been named as a party at the time the initial 30-day period expired, but it removed within 30 days of being served with the first pleading that identified it as a defendant.  356 F. Supp. 2d at 1278.  The court nevertheless remanded the action, explaining that this fact "does not alter the application of the 'first-served defendant rule.'"  *Id.*  The court emphasized that "even though § 1446's time requirement is not jurisdictional, the time requirement is mandatory and must be strictly applied."  *Id.* at 1272 (citations omitted).  This court finds the reasoning in *Adams* persuasive. Because C&N's removal was not timely under the first-served defendant rule, Trawick's motion to remand will be granted.

## II. Federal-Question Jurisdiction

If Trawick had not raised the fatal procedural deficiency discussed above, the court would nevertheless remand the case *sua sponte* or would grant Trawick's motion to remand because the amended complaint does not present a bona fide federal question. It is understood, of course, that a defendant can remove an action to federal court if the claim is one over which the federal district court has original jurisdiction.  28 U.S.C. § 1441(a) and (b).  However, under the well-pleaded complaint rule, a federal question must be presented on the face of a plaintiff's complaint in order to for a claim to arise under federal law and be cognizable under 28 U.S.C. § 1331.  *Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).  "If the plaintiff elects to

bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Id.* (citing 13B *Charles A. Wright, Arthur R. Miller & Edward H. Cooper*, *Federal Practice and Procedure* § 3566 (1984)).  For purposes of determining whether the action was properly removed the question is whether from the face of the complaint, Trawick's right to relief requires the resolution of a substantial issue of federal law. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001); *Kemp*, 109 F.3d at 712. A tangential, or indirect, or unnecessary issue that may incidentally involve the consideration of a federal statute or regulation is not enough to provide a basis for removal under 28 U.S.C § 1331.  A simple example of this difference is a personal-injury railroad crossing accident in which the plaintiff alleges as part of its state-law negligence claim, that the railroad did not comply with a federal safety regulation.  The line is not always that easy to draw.

In its amended complaint, Trawick asserts two claims, one for declaratory judgment and another for preliminary and permanent injunctive relief.  The crux of both of Trawick's claims, and the sole reason that Trawick believes it is entitled to the relief it seeks, is its allegation that it, not C&N, is "the lowest, responsible and responsive bidder for the Projects." Title 39 of the Alabama code sets forth the procedures for awarding contracts

by state agencies.  *See* Ala. Code 1975 § 39-2-1, *et seq.*  Trawick says that when BHA awarded the contract to C&N, it failed to follow these state-law mandated procedures.  C&N counters that Trawick's right to relief is depends upon an interpretation of form HUD-5369 and 24 C.F.R. § 85.36, both of which receive passing reference in Trawick's amended complaint.  C&N argues, by way of conclusion, that Trawick is "specifically seeking relief under HUD [U.S. Department of Housing and Urban Development] regulations."  Trawick denies this and points to its effort to clarify.

The court respectfully disagrees with C&N.  In its prayers for relief, Trawick does not invoke any federal statue, regulation, or assert any other federally created right.  It seeks only for the court to

> enter a binding declaratory judgment pursuant to the
> [Alabama] Declaratory Judgment Act, declaring (a) that
> Trawick is the lowest, responsible and responsive bidder;
> (b) that [C&N] was not the lowest, responsible and
> responsive bidder; (c) that the contract be awarded to
> Trawick; and (d) for such other, further and different
> relief to which Trawick may be entitled;

and for the court to issue a preliminary and permanent injunction

> enjoining and restraining [BHA and C&N] and all of their
> agents, servants, employees, and all other persons acting
> in concert with them, from and against taking any action
> in furtherance of awarding, entering into, executing or
> performing any work based on any contract in connection
> to the work that is the basis of this lawsuit, which
> would be in violation of both Title 39 of the Code of
> Alabama.

Trawick bases its requests for relief on Alabama, not federal, law. The fact that a HUD form and a provision from the Code of Federal

7

Regulations are referenced in Trawick's amended complaint does not create a federal question. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986) (discussing the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). Also see MOORE'S FEDERAL PRACTICE 3d § 103.31[3] — [5] for a comprehensive treatment of the subject. At § 103.31[5][c], Professor Moore's treatise reaches the pinnacle of its analysis when it says:

> The [United States Supreme Court] has yet to formulate a single, precise, all-encompassing test for jurisdiction over federal issues embedded in state-law claims.  This is because, even when a state-law claim presents a substantial federal question, the exercise of federal jurisdiction is appropriate only if it would be consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of the federal-question statute.  Thus, because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive.  According to the court, there must always be an assessment of any disruptive potential in exercising federal jurisdiction. The question is whether the state-law claim necessarily raises a federal issue, actually disputed and substantial, that a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Unfortunately, such an interest balancing approach is difficult to apply in specific cases, raising the danger of unpredictability and wasted judicial resources in resolving individual cases.

This federal court sees no reason why it is better equipped than a state court to preside over the resolution of what are essentially

8

state-law claims.   Federal judicial restraint is called for, resolving any jurisdictional doubt in favor of the forum chosen by the plaintiff.   Trawick's motion to remand will be granted for lack of subject-matter jurisdiction.

<em>Conclusion</em>

For the foregoing reasons, the court will grant Trawick's motion to remand this action pursuant to 28 U.S.C. § 1447(c).

DONE this 23rd day of May, 2007.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE